## TOWN OF PARKSTON V. HUTCHINSON COUNTY.

An incorporated city or town is not a "township," within the meaning of Laws 1895, c. 176, relative to the adjustment, between townships and counties wherein only a part of its territory is organized into townships, of taxes levied upon the entire county. ·

(Opinion filed Nov. 19, 1897.)

Appeal from circuit court, Hutchinson county; Hon. E. G. SMITH, Judge.

Action by the town of Parkston against Hutchinson county to recover moneys paid to plaintiff's assessor for making annual assessments. A demurrer to the complaint was overruled, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Wellington Brown*, for appellant.

*W. J. Hooper*, for respondent.

FULLER, J. Plaintiff, the incorporated town or city of Parkston, instituted this action to recover from the defendant, Hutchinson county, $225, which plaintiff had previously paid to its assessor as compensation for making the annual assessment therein for the years 1895, 1896, and 1897. This appeal is from an order overruling a general demurrer to the complaint, the sufficiency of which depends entirely upon the question whether the word "township," as used in Chapter 176 of the Laws of 1895, should be construed to embrace all incorporated towns or cities within a county the rural territory of which is not entire-

ly organized into townships in conformity with the law relating to township government.   The act is entitled "An act to provide for adjustment of bridge fund, general fund and taxes between townships and counties," and reads as follows:   "In any county wherein only a part of its territory is organized into townships, under the provisions of law relating to township government, and where a bridge tax, and general fund tax have teen levied upon the entire county, it shall be the duty of the board of county commissioners of such county, to ascertain the amount of such bridge tax, and general fund tax, paid by each organized township and the just proportion of the expenses of constructing, repairing and maintaining county bridges with which each township so organized is chargeable, and said board shall then allow, and there shall be paid over to each township upon the first day of January of each year the excess of such taxes over such expenditures, to be used by such township for township, bridge and general purposes.  Also the county board shall pay to each township the amount paid by the township to the assessor thereof, upon a sworn statement furnished by the town clerk, said funds to go into the general township fund." As between incorporated cities, towns and villages and organized rural townships, the distinction is so clear as to the plan of creation, exercise of powers, and legislative scheme of taxation that the expression "organized township," as used in our statute, conveys no idea of an "incorporated town."   The adjustment of certain taxes between organized townships in counties only partially organized into townships under the provisions of law relating to township government and the counties of which such townships form a part was the only purpose of the legislature, and the act admits of no construction that will include within its terms municipal corporations designated in the revenue law of this state as "cities," "towns" and "villages." We discover nothing in our statutes indicating an interchangeable use of the phrases "organized townships" and "incorporated towns," and the aim and object of the legislature is so

clear from the language employed in the enactment before us that a difference of opinion cannot be reasonably entertained. As the complaint fails to state facts sufficient to constitute a cause of action, the demurrer should be sustained. The order is reversed, and the case remanded for further proceeding not at variance with this opinion.