## BLUE GRASS TOWNSHIP v. MORTON COUNTY.

### (132 N. W. 148.)

**Statutory Construction — Highways — Road Taxes — Disposition.**

1. Section 3012, Rev. Codes 1905, which in effect prescribes that all road taxes collected by the county treasurer on property in "any incorporated city, town, or village" shall be turned over to the treasurer of such city, town, or village, "to be expended under the direction of the city council of such city, or of the board of trustees of such town or village, . . . in the improvement of the streets or bridges thereof, or of the roads approaching thereto," construed, and *held*, not to apply to civil townships.

**Statutory Construction — Highway — Road Taxes — Disposition.**

2. Sections 1386 and 1398, Rev. Codes 1905, construed, and *held*, to apply only to counties not formed into civil townships. Section 1386 merely provides that in counties not formed into townships, the board of county commissioners shall divide the county into road districts, and § 1398 merely provides the manner in which such board shall expend the road taxes collected in such counties.

Opinion filed June 1, 1911.

Appeal from Morton county; *W. C. Crawford,* Judge.

Action by Blue Grass Township against Morton County. From an order sustaining a demurrer to the complaint, plaintiff appeals.

Affirmed.

*Shaw & Nuchols,* for appellant.

*H. R. Bitzing,* State's Attorney, *Hanley & Sullivan,* and *John Car-mody,* for respondent.

FISK, J.    Action by Blue Grass township, in Morton county, against such county, to require it to account for, and pay to plaintiff, the amount of all road or highway taxes levied and collected by it upon property in such township for the years 1886 to 1909 inclusive.

Plaintiff alleges in its complaint that it is, and at all times since 1885 has been, a duly organized civil township in such county, during all of which time its regularly elected supervisors have exercised supervision and control over the public highways therein, by opening, laying out, vacating, constructing, improving, and maintaining the same, and for such purposes have annually levied and collected a township road tax on all taxable property therein, which has been used for such purposes.    Also that during each of said years defendant county has levied a county road tax on all such taxable property, and has collected large sums for each of said years, none of which has ever been expended in such township or paid over to plaintiff, but on the contrary has by it been appropriated solely to its use for county purposes.

The prayer, in effect, is that defendant be adjudged to be a trustee of the fund thus levied and collected by it, and that it be required to account therefor, and pay the same over to plaintiff, or that plaintiff have judgment against the county for the amount thereof.    Defendant interposed a demurrer to such complaint, upon the ground that it fails to allege facts sufficient to constitute a cause of action, which demurrer was sustained in the court below, and the appeal is from the order sustaining such demurrer.    Did such ruling constitute error? We are entirely clear that it did not, and will briefly set forth our reasons for such conclusion.

Appellant relies, for its right of recovery, upon §§ 3012, 1386, and 1398, Rev. Codes 1905.    Its contention is that § 3012 should be so construed as to require the county to refund to the township all road taxes levied and collected by it in the same manner that it is required by said section to turn over to each incorporated city, town, or village the road taxes levied and collected by it in such municipalities.    We are unable to place such a construction on this statute.    The complete answer to appellant's contention is that the legislature, in its wisdom, has not seen fit to thus ordain.    The language employed by

the legislative assembly is clear, and not susceptible of such construction; and it would require judicial legislation to give the statute the meaning contended for. The section reads as follows:

"Sec. 3012. All road taxes collected as personal taxes from residents of any incorporated city, town, or village, and all road taxes collected on account of real or personal property situated within any incorporated city, town, or village, by the treasurer of the county in which such city or town is located, shall be turned over quarterly by such treasurer to the treasurer of such incorporated city, town, or village, to be expended under the direction of the city council of such city, or of the board of trustees of such town or village, as the case may be, in the improvement of the streets or bridges thereof, or of the roads approaching thereto."

From a reading of the above section, it is perfectly apparent that the legislature did not intend to include therein civil townships, for it expressly provides that such funds thus turned over shall be expended "under the direction of the city council of such city, or of the board of *trustees* of such town or village. If it had been the legislative intent to also include civil townships, it would have been an easy matter to have designated them, and the failure so to do is a very significant fact entitled to much weight and which cannot be ignored in construing such statute. The very ingenious argument of appellant's counsel fails to convince us of the correctness of their contention. The equities of the case, as well as the seeming lack of a good reason for the discrimination between the designated municipalities and civil townships, might be of some aid in construing the statute if its language were open to more than one construction, but, as before stated, this is not the case. The legislature having spoken in unmistakable terms, the courts are bound to give effect thereto, and not thwart by judicial construction the clearly expressed legislative intent. With the wisdom or policy of the law the courts have no concern.

If the law works an injustice to the taxpayer in the civil townships, as contended by appellant, the remedy is with the legislature, not the courts. Nor are we able to agree with appellant's contention as to the history of this section. By the use of the words "incorporated city or town," as found in chapter 147, Laws of 1887 of Dakota Territory, it was clearly not the intent to include therein organized civil townships, but merely incorporated municipalities. This is apparent

from a reading of such territorial statute; and the reasons above given for our construction of § 3012, Rev. Codes 1905, apply with equal force to the statute as originally enacted. See Parkston v. Hutchinson County, 10 S. D. 294, 73 N. W. 76.

This brings us to appellant's second proposition, which is, that Blue Grass township is, by force of § 1386, Rev. Codes 1905, a road district, and, being such, it is entitled, under the provisions of § 1398, to have such funds expended therein, and consequently that the defendant county should be adjudged a trustee of these funds for such purpose. The fallacy of this contention is quite apparent. It rests upon an erroneous premise. Sections 1386 and 1388 have no application to counties formed into townships. Said sections only apply where, by reason of the absence of township organizations, the duty of constructing and maintaining highways is devolved upon the county commissioners. There is nothing to show that Blue Grass township is a road district, but, even if there was, we know of no law requiring the county to turn over to it all or any portion of the funds sued for in this action. In the Nebraska case cited by appellant (Chadron v. Dawes County, 82 Neb. 614, 118 N. W. 469), there was an express statute which, of course, was controlling. The statute there construed allowed each road district one half of the road taxes collected by the county on property in such district.

We conclude that the order sustaining the demurrer was correct, and the same is accordingly affirmed.

MORGAN, Ch. J., took no part in the decision. Hon. W. J. KNEE-SHAW, Judge of the Seventh Judicial District, sitting by request.